Keith E. FRAZIER, Plaintiff–
Appellant,

v.

P. FLORES, 2 Unit Manager, CCCF; P.
Pacheco, Chief of Unit Management,
CCCF; C. Amato, Correctional Offi-
cer, CCCF; P. Corona, Correctional
Officer, CCCF; A. Harris, Correction-
al Officer, CCCF; Smelser, Warden,
CCCF; R. Selman, Assistant Warden,
CCCF; A. Decesaro, Step 3 Grievance
Officer, CDOC, Defendants–Appellees.

No. 13–1240.

United States Court of Appeals,
Tenth Circuit.

Oct. 9, 2013.

Keith E. Frazier, Olney Springs, CO,
pro se.

Before KELLY, HOLMES, and
MATHESON, Circuit Judges.*

**ORDER AND JUDGMENT ***

PAUL J. KELLY, JR., Circuit Judge.

Mr. Frazier, an inmate appearing pro se,
appeals from an order of the district court
dismissing his civil rights action pursuant
to Fed.R.Civ.P. 41(b). The district court
found that Mr. Frazier failed to comply
with an April 8, 2013, order of the magis-
trate judge directing Mr. Frazier to cure a
deficiency in his complaint within thirty

days, and dismissed his complaint without
prejudice on May 15, 2013.

Because Mr. Frazier's postage account
at the Crowley County Correctional Facili-
ty is more than $300 in arrears, he is
limited to $2.00 per month for legal post-
age. On April 1, 2013, Mr. Frazier sent a
letter to the magistrate judge stating he
was unable to serve copies of his complaint
on each defendant due to the limit.[1] On
May 2, 2013, in response to the magis-
trate's order to cure, Mr. Frazier wrote a
letter to the district court expressing con-
fusion as to which form to file, and re-
questing clarification and an extension of
the thirty-day deadline. Due to the mail-
ing limit, this letter was not received until
June 4, 2013.

On May 18, 2013, after his claim was
dismissed, Mr. Frazier wrote a letter to
the district court judge claiming he was
unable to comply with the magistrate's
order due to the limit on his legal postage.
The court received this letter on June 4,
2013. In it Mr. Frazier claimed that after
mailing four previously delayed letters on
May 1, his allotment for that month was
used, and he was unable to communicate
with the court until June 1, 2013. He
claimed that the postage limit violated his
right of access to the courts.

We review a district court's Rule 41(b)
dismissal for failure to comply with a court
order for abuse of discretion. *Cosby v.
Meadors*, 351 F.3d 1324, 1326 (10th Cir.
2003). Neither the district court nor the
magistrate judge acknowledged these
three letters or Mr. Frazier's mailing limit.
Thus, we cannot tell whether the court

---

* After examining the briefs and the appellate
record, this three-judge panel has determined
unanimously that oral argument would not be
of material assistance in the determination of
this appeal. *See* Fed. R.App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore or-
dered submitted without oral argument.

** This order and judgment is not binding prec-
edent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.
It may be cited, however, for its persuasive
value consistent with Fed. R.App. P. 32.1 and
10th Cir. R. 32.1.

1. This letter was filed on April 5, 2013.

considered the limit or chose to disregard it in stating Mr. Frazier "has failed to respond in any way to [the magistrate's] April 8 order."

Without clarification of whether the district court knew of Mr. Frazier's inability to communicate with it, we are precluded from meaningful review. *Cf. Mobley v. McCormick*, 40 F.3d 337, 341 (10th Cir. 1994). The restriction placed on Mr. Frazier very well could limit his ability to comply with the court order. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir.1992) ("Before choosing dismissal as a just sanction, a court should ordinarily consider ... the culpability of the litigant."). While we do not comment on the merits of Mr. Frazier's "right of access" argument, unreasonable restraints on a prisoner's ability to mail legal documents may violate that right. *See Bounds v. Smith*, 430 U.S. 817, 824–25, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977).

The district court should consider these issues on remand.

REVERSED and REMANDED. Mr. Frazier's motion to proceed in forma pauperis on appeal is GRANTED. Mr. Frazier is reminded, however, that he remains obligated to continue making partial payments toward the filing fee until it is paid in full.